### ROBERT C. BACOT *vs.* FRANCIS G. WETMORE.

1. A testator, by his will, ordered and directed as follows, viz. "I do hereby appoint and declare my executors, hereinafter named, to be trustees of all property, estate, or interests, herein given or devised to any of my children, or that any of my children may be entitled to by virtue of any provision in this my last will, during the life of such child (excepting the life estate in the mansion-house devised to my son) with full power to retain all such property in their hands unsold and undivided, until after the year eighteen hundred and sixty-seven, and I do authorize my said executors to sell or convey all or any part of my real estate, and all real estate that may be purchased by them, &c. *Held,* that the power of sale extends to any and every part of the testator's estate, and not to the trust estate only.

. 2. An express disposition, though probably involving an oversight or mistake by the testator, cannot be controlled by inference which is not necessary and indubitable.

3. To a common bill for the specific performance of a contract of sale, the parties to the contract are the only proper parties.

---

*Mr. Gilchrist* and *Mr. A. O. Zabriskie,* for complainant.

*Mr. I. W. Scudder,* for defendant.

Cases cited by complainant's counsel. *Snowhill* v. *Snowhill,* 3 *Zab,* 447; *Hill on Trustees* 474–5; *Trower* v. *Knightley,*

6 *Madd. Ch. R.* 91; *Wood* v. *White,* 4 *Mylne & Craig* 480; *Holland* v. *Adams,* 3 *Gray* 188, 191; *Holland* v. *Cruft, Ibid.* 162; *Roberts* v. *Whiting,* 16 *Mass.* 186, 190; *Redfield on Wills,* 450; *Pratt* v. *Rice,* 7 *Cushing* 209; *Braman* v. *Stiles,* 2 *Pick.* 460, 464; *Wykham* v. *Wykham,* 18 *Vesey* 395, 423; *Coryton* v. *Helyar,* 2 *Cox* 340; *Morrison* v. *Hoppe,* 5 *Eng. Law. & Eq.* 199; *Price* v. *Sisson,* 2 *Beas.* 168; *Cole* v. *Wade,* 16 *Vesey* 27; *Kennell* v. *Abbott,* 4 *Vesey* 807; *Cooke* v. *Farrand,* 7 *Taunt.* 122; *Norcum* v. *D'Oench,* 17 *Missouri* 98; *Wilson* v. *Bennett,* 5 *Eng. Law & Eq.* 45; *S. C.,* 13 *Ibid.* 431; *Macdonald* v. *Walker,* 11 *Ibid.* 324; *Sohier* v. *Williams,* 1 *Curtis C. C. R.* 488–90; 2 *Roper on Leg.* 1461, § 8; *Collet* v. *Lawrence,* 1 *Vesey* 269; *Cooke* v. *De Vandes,* 9 *Vesey* 205; *Lett* v. *Randall,* 10 *Simons* 112; *Right* v. *Compton,* 9 *East* 268; *Bowers* v. *Smith,* 10 *Paige* 193.

THE CHANCELLOR. The bill is filed by the vendor, to enforce the specific performance of a contract for the sale of real estate. The defendant admits that he became the purchaser upon the terms specified in the complainant's bill, but alleges that he failed to perform the contract on his part, and now resists a decree for specific performance, on the ground of defect of title in the vendor.

The complainant claims title to the premises, under and by virtue of a deed from the executors of John Tonnele, deceased. Tonnele died seized of the premises in fee. By his will, he gave and devised to his wife portions of his real and personal estate for her life, in lieu of dower. He devised to his son, John Laurent Tonnele, a life estate in his mansion-house, and part of the grounds belonging thereto, subject to the life estate of the widow. All the rest and residue of his estate he gave to his children, equally to be divided between them, share and share alike, in such manner that each child should receive only the net income of his share during life, and at the death of each child, his or her share should go to his or her lawful issue.

By the seventh item of his will, the testator appoints, orders, and directs, as follows, viz.

" And in order more fully to carry out the objects of this, my will, I do hereby appoint and declare my executors, hereinafter named, to be trustees of all property, estate, or interests, herein given or devised to any of my children, or that any of my children may be entitled to by virtue of any provision in this my last will, during the life of such child (excepting the life estate in the mansion-house devised to my son,) with full power to retain all such property in their hands unsold and undivided, until after the year eighteen hundred and sixty-seven, and I do authorize my said executors to sell and convey all or any part of my real estate, and all real estate that may be purchased by them, and to invest my personal estate, and the proceeds of the sale of such real estate, at interest, on bond and mortgage of real estate, or in government or state stocks, or to lay out the same in the improvement of my real estate, or in the purchase of other real estate and the improvement thereof, as may seem to them most for the interest and advantage of my children, and for the improvement of my estate, and to change such investments as they shall judge best, from time to time."

It is objected that the executors had no power to convey the mansion-house and premises devised to the testator's son, John L. Tonnele, for life.

The terms of the power are as broad and comprehensive as language can make them. "I do hereby authorize my said executors to sell and convey all or any part of my real estate." The power extends to any and every part of the testator's estate. It is clear and unequivocal in its terms. There is no ambiguity in its meaning. It leaves no room for construction. If the extent of the power is to be limited, it must be by other provisions of the will equally clear, or which will remove all doubt as to the testator's real intention.

Where the words are clear, the safest course, in the language of Lord Eldon, is to abide by the words; unless upon the whole will, there is something amounting almost to demonstration, that the plain meaning of the words is not

the meaning of the testator. *Crooke* v. *De Vandes*, 9 *Vesey* 205.

It is urged that the clause conferring the power of sale stands in immediate connection with a trust created for the management of a portion of the testator's estate; that the whole of that item of the will relates to the trust, and that the power of sale extends only to the trust estate. Such may have been the design of the testator. And if it were admissible to conjecture what the testator intended to have said, instead of interpreting what he has said, it might be suggested as highly probable that a clause limiting the power of sale to the trust estate has been inadvertently omitted. But it is a well settled rule, that an express disposition, though probably involving an oversight or mistake by the testator, cannot be controlled by inference which is not necessary and indubitable. 2 *Williams on Ex'rs* 1461.

In terms, the power has no relation to the subject matter of the trust. It is not made dependent for its exercise upon the existence of the trust. It is conferred, not upon the trustees as such, but upon the executors. And although the clause conferring the power is in immediate juxtaposition with the clause creating the trust, there is a marked distinction in the description of the subject matter of the trust, and of the power. The executors are appointed trustees of all the property, estate, or interest, given or devised to any of the testator's children, excepting the life estate in the mansion-house devised to his son. They are authorized to sell all, or any part, of the testator's real estate. The wide difference in the description of the subject of the trust and of the power, is rendered more clear by contrast. It is scarcely credible that terms so utterly dissimilar should have been used to mean the same thing. The more natural conclusion is, that as the testator's expressions are varied, his intentions in both cases are not the same. *Right* v. *Compton*, 9 *East* 273. There is nothing in the terms of the will, that would justify the court in assuming that the testator designed to limit the power to the trust estate, or to exclude

the life estate of the testator's son in the mansion-house, from the operation of the power.

A more serious objection exists to the power of the executors to make sale of the life estate of the widow in the mansion-house and premises. For not only does the seventh item of the will clearly relate, in all its details, except the language of the clause conferring the power, to the estate of the children, but the disposition made of the proceeds of the sale is utterly repugnant to, and subversive of, the provisions made by the testator for the benefit of his wife. The testator had given to his wife, in lieu of dower, an estate for life, or during widowhood, in a large and valuable portion of his productive estate, including his mansion-house. He had also bequeathed to her, for life, his horses, carriages, plate, household furniture, and all his other movable chattels. But by the clause conferring the power of sale on the executors, they are authorized to invest his personal estate, and the proceeds of the sale of the real estate so sold, in the purchase of securities, or in the purchase of other real estate and the improvements thereof, as may seem most for the interest of his children and the improvement of his estate. No part of it is, or can be, appropriated for the benefit of the widow. The whole fund is applied to another purpose. Now, it is not suggested that the testator intended, by the clause conferring the power of sale, to revoke the devises and legacies to his wife, or to deprive her of the provisions made for her benefit. Yet such must be its effect, if the power extended to the lands devised to her. The fact that the land was previously devised, constitutes no valid objection to the power of sale. *All* the testator's land had been devised, either to his wife, or to his children. But the objection is that the disposition of the proceeds of sale is not for the benefit of the widow to whom the land is devised, but exclusively for the benefit of the children; thus rendering it clear that the power of sale was designed to extend to the estate of the children only, not to the estate of the wife, and amounting almost to demonstration, that the plain

meaning of the words in the power of sale, is not the meaning of the testator.

I am of opinion, therefore, that the deed from the executors to Bacot, conveyed to, and vested in the grantee, a valid estate in fee in the mansion-house and premises, subject only to the life estate of the widow.

But it is charged in the bill, and not denied by the answer, that the widow of the testator had, prior to the date of the contract for sale by the complainant to the defendant, conveyed all her estate in the mansion-house and premises to the complainant. This vested in him a valid title to the entire estate.

The objection made by the defendant to the completion of the purchase, on the ground of defect of title, is not well founded, and the complainant is entitled to a decree for specific performance.

The proper parties are before the court. There is no necessity or propriety in making the devisees of John Tonnele, parties to this suit. To a common bill for the specific performance of a contract of sale, the parties to the contract are the only proper parties. *Robertson* v. *The Great Western R. Co.*, 10 *Simons* 314; *Wood* v. *White*, 4 *Mylne & Craig* 460; *Fry on Spec. Perf.*, § 79.

Decree accordingly.