ELLA A. RANDOLPH,

*v.*

GENERAL INVESTORS COMPANY.

[Decided March 16th, 1925.]

1. An undisclosed principal cannot be held liable on a contract for the sale of land executed by an agent in his own name and under his own seal.

2. The memorandum in writing of a contract for sale of land must contain the names of the buyer and seller, the subject of the sale,

the price and terms of credit and the conditions of sale, if any there be, and parol testimony cannot be received to supplement the memorandum, or supply omission of any of the essential parts of the contract.

3. Where a contract for sale of land purports on its face to be made by one as principal, it cannot be shown by parol that he was merely the agent for another.

On appeal from a decree in chancery advised by Vice-Chancellor Church, whose opinion is reported in *96 N. J. Eq. 227.*

*Mr. Absalom P. Bachman,* for the appellant.

*Messrs. R. E. & A. D. Watson,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The present suit was brought to compel the specific performance of a contract for the sale of five lots of land located in the county of Middlesex, made by and between the complainant, Ella A. Randolph, as vendor, and the General Investors Company as vendee. The contract was in writing. It recites that the vendor of the land described therein is Ella A. Randolph, and that the vendee thereof is the General Investors Company, a corporation organized and existing under and by virtue of the laws of the State of New Jersey. It was signed and sealed by Mrs. Randolph, the owner of the property, as party of the first part, and was executed by the General Investors Company, as party of the second part, by the signing of the corporate name thereto by its president and the affixing of the corporate seal, the signing and sealing being attested by the secretary of the corporation.

The bill was originally filed against the Investors Company as the sole defendants, but upon the hearing had before a vice-chancellor matters were developed by the testimony of witnesses which led the complainant to believe that, in the making of the contract, which was the subject of the litiga-

tion, the Investors Company was not acting for itself, but as agent of one Frank Colton. Application was thereupon made to the court by the complainant for the staying of the hearing and for leave to amend her bill by joining Colton as a defendant. The application was granted; the bill was amended in the respect indicated; Colton answered, denying that the General Investors Company was acting for him as his agent in making the contract, and asserting that it was acting in its own behalf, as the intending purchaser of the land described in the instrument. The hearing having been continued on the amended and new pleadings, and further parol testimony having been taken with relation to Colton's interest in the transaction, the learned vice-chancellor advised a decree adjudging that, in the making of the contract, the General Investors Company was acting, not for itself, but as the agent of Colton, although this fact was not known to the complainant at the time of the filing of the original bill, and that Colton, as the undisclosed principal of the corporation, must perform the contract by accepting a conveyance of the land described therein and paying to the complainant the purchase-money therefor.

From the decree so advised the defendant Colton appeals.

The principal ground upon which a reversal is sought is that, even if the finding of fact by the vice-chancellor is justified by the proofs submitted to him, the evidence was incompetent, and the decree before us cannot be supported, for the reason than an undisclosed principal cannot be held liable on a contract for the sale of land executed by an agent in his own name and under his own seal. The learned vice-chancellor does not discuss this question in his opinion, although it was argued before him, contenting himself with the declaration that, in his view, there is no merit in it. We disagree with this conclusion, and consider that the soundness of appellant's contention has been settled in his favor by the earlier decisions of our courts. As has already been stated, the action is brought for the enforcement of a contract under seal for the sale of land. The fifth section of our statute of frauds (*Comp. Stat. p. 2612*) provides "that no action shall

be brought upon any contract for the sale of lands, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." In construing this provision of the statute, Mr. Justice Depue, in the case of *Johnson & Miller* v. *Buck, 35 N. J. Law 338, 343,* uses the following language: "The memorandum must contain the full terms of the contract—that is, *the names of the buyer and seller,* the subject of sale, the price and terms of credit, and the conditions of sale, if any there be. To supplement this memorandum or supply the omission of any of the essential parts of the contract, parol testimony cannot be received. The policy of the statute is to exclude testimony of that uncertain character with respect to transactions within its provisions. It therefore requires the substantive parts of the contract to appear in the writing. To admit parol evidence of any of the terms of the contract with respect to which the memorandum is silent, would open the door to the very mischief the statute was intended to suppress." The doctrine declared in this case was approved and followed in *Bowers* v. *Gluckman, 68 N. J. Law 146.* In *Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. 44, 49,* Vice-Chancellor Van Fleet, in dealing with a case somewhat similar to that now before us, except that the parties were transposed, thus states the legal principle: "Where the action is by a vendee against a vendor, as it is in this case, and the complainant puts his right to relief exclusively on a written contract, as the complainant does here, it would seem to be clear beyond question that, unless the writing set out in the bill shows on its face that the defendant is the vendor, the complainant's case has no foundation." *Schenck* v. *Spring Lake Co.* has been frequently cited with approval in later decisions by the court of chancery; it was approved by this court in *Clement* v. *Young-McShea Amusement Co., 70 N. J. Eq. 677, 681.*

The exposition of the legal principles controlling in cases of this kind, as set forth in the decisions above quoted from, meets with our entire approval. The logical conclusion to be drawn therefrom is that every written contract made by an agent, in order to be binding on his principal, must purport on its face to be made by the principal, and must be executed in his name, and not in the name of the agent, and that, consequently, it cannot be shown by parol that an alleged agent, who is stated in the body of the contract to be a party thereto, and who signed the instrument as a principal, in fact signed as agent for another, and thus convert a contract, which, on its face, is his own, into the contract of his alleged principal. The conclusion reached upon this question makes it unnecessary for us to consider the other grounds of reversal which were presented to us by counsel for the appellant.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Black, Katzenbach, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.