The defendant Duschaneck, by contract in writing, agreed to sell and convey his land to one Abruzzo. Abruzzo assigned the contract to O'Donnell Arotsky. O'Donnell Arotsky agreed in writing to convey the land to the complainant, subject to acquiring title. The bill is to enforce the original contract and compel Duschaneck to convey to the complainant. The complainant cannot recover directly on the original contract. He is neither party nor privy to it; he is not an assignee. McVoy v.Baumann, 93 N.J. Eq. 360. To a common bill for the specific performance of a contract of sale the parties to the contract are the only proper parties. Bacot v. Wetmore, 17 N.J. Eq. 250.
But the complainant ought not be put out of court. He may have an equity which he is entitled to enforce. There is authority for maintaining a suit by a subvendee against the owner to compel him to perform his contract with his vendee, and in the same suit to compel the complainant's vendor to specifically perform his contract. 25 R.C.L. 327; Fry Spec. Perf. 73, 74.
The motion to strike will prevail, with permission to amend. The original vendee and the vendors of the complainant must be made parties, and properly charged. The question whether the complainant may recover on his amended bill is not decided, and will be authoritatively disposed of only after the defendants' counsel is heard on motion to strike the amended bill. *Page 88