The complainant contracted, in writing, to sell and convey to the defendant Kaufman 1179 and 1181 Broad street, Newark, for $60,000; title to close January 2d 1926. Kaufman assigned his contract to his company, the defendant Franklin Building Corporation. The Franklin Building Corporation contracted with the defendant Franklin R. Wallace to sell him the property for $70,000; title to close January 2d 1926. The complainant seeks specific performance of its contract against Kaufman and the Franklin Building Corporation, and they, in turn, counter-claim against the complainant and defendant Wallace, against the former for a rescission of their contract and the return of their down money, $10,000, and against the latter that he specifically perform his contract, and that he be restrained from prosecuting his action at law against the corporation for a return of his down money, $10,000. Wallace now moves to dismiss the counter-claim against him. No serious objection could be offered to the joining of Wallace by counter-claim if the defendants Kaufman and the Franklin corporation were seeking a performance of both their contracts, and it appeared *Page 413 
that Wallace's contract had been made with notice of his vendor's purchase and incomplete title, and upon the understanding that it should be executed contemporaneously with, and to facilitate, performance of his vendor's contract. Fry Spec. Perf. (6thed.) 80, 81; Mechanick v. Duschaneck, 99 N.J. Eq. 86. Rule 23 of this court countenances the practice. The meritorious objection to the counter-claim against Wallace is that it presents no cause for action. In the counter-claim the defendants Kaufman and the Franklin corporation simply repeat the allegations of their answer to the bill, that the contract was entered into by Kaufman with the complainant and assigned by him to the Franklin corporation, but they deny that the day of performance was by mutual consent postponed until some time during the month of March following, and that the complainant was ready to perform, and that the defendants refused to perform, as alleged in the bill; they further allege that at the time of the making of the contract the complainant was not the owner of the property, and had falsely represented that it had entered into a valid contract to purchase it, and that it would be able to convey to the defendant Kaufman as provided in their contract; that the period between the making and the day fixed for the performance of the contract was one of great activity in the real estate market for land in the neighborhood, and such land was being bought for speculative purposes and quick turnovers, at a profit, and that the property in question was bought from the complainant for that purpose, as it knew as well as that any delay in consummating the deal would result in loss to the defendants: that the activities in the market have since ceased; that the defendant the Franklin corporation made the contract with Wallace, title to be closed on the same day defendants were to close with complainant, January 2d 1926; that the complainant was not able to convey a marketable title on that day, that the lands were not free of liens and encumbrances, and, consequently, the defendants will lose the anticipated profits on the sale to Wallace, and that Wallace has sued for the return of his down money; and then the counter-claim *Page 414 
concludes that if the court adjudges that the defendants must perform — in that event it will be the duty of Wallace to perform — and the prayer is that the complainant not only account for the down money paid by the defendants but also their profits lost on the sale to Wallace, and this failing and a decree for specific performance being made against them, that Wallace be decreed to perform his contract.
The counter-claim bows Wallace out of court. If the defense to the bill has merit, because time of performance was of the essence of the contract, then, by the same token is the right of performance of the contract with Wallace barred. Furthermore, defendants have repudiated their contract with the complainant and they are bound by their election. Whether they can maintain their defense as against the complainant is immaterial; the election is conclusive in their counter suit against Wallace. They were and are not ready, desirous, prompt and eager to perform their contract with Wallace, always an indispensable condition to invoking equity's extraordinary jurisdiction of specific performance. Kobrin v. Drazin, 97 N.J. Eq. 400.
The cross-bill against Wallace will be dismissed.