This suit is brought to enforce the performance of a written contract for the sale and purchase of real estate situate in Union Hill, made by the complainants, as vendors, with the defendant Schiraldi, as vendee, and dated September 28th, 1929. The proofs disclose that although the contract was made by Schiraldi under his own hand and seal, he was acting for the Rubel Ice Company as an undisclosed principal; *Page 191 
that that corporation, through its attorney, subsequently paid the complainants $1,000 on account of the purchase price for their consent to extend the time for closing title; that a written agreement was entered into by said corporation with Senger Coal and Ice Company, dated February 8th, 1930, and signed by both parties thereto, for the sale of an ice plant in Hoboken, the only reference therein to the contract here sought to be enforced being the following:
"As a further consideration the purchaser [Senger Coal and Ice Co.] agrees to assume and hold the seller [Rubel Ice Co.] harmless from a certain contract made by the seller under date of September 28th, 1929, to purchase from Jacob and Fanny Malofsky certain property at Union Hill, for the sum of $14,000 and also to pay the legal fees of Isidore Brand, Esq., or his firm, for services in connection with the making of said contract, the searching and closing of title and any title company fees in reference thereto; the purpose of this being that the purchaser shall take over all costs in reference to this contract and shall on the closing hereof repay to the seller the amounts already paid by the seller on account thereof."
The proofs further show that on March 1st, 1930, Schiraldi executed an assignment of his contract with the complainants to a blank assignee and that such assignment was "transferred" to the Senger Coal and Ice Company by the Rubel Ice Company.
The defendants to the suit are Schiraldi and the Senger Coal and Ice Company (hereinafter called the Senger Company), and the relief prayed is that both, or one of them, be decreed to specifically perform the contract to purchase by paying the balance of the purchase price and accepting a deed from the complainants, or in case they fail so to do, that the balance of the purchase price be decreed a lien on said lands in favor of the complainants, and that the lands be ordered sold to satisfy such lien and that, in case of a deficiency, judgment therefor be entered against the defendants. The defendant Senger Company answered denying the complainants' right to relief against it. *Page 192 
The complainants claim to be entitled to relief against the defendant Senger Company as the assignee of the vendee, whether the vendee be Schiraldi or the Rubel Ice Company. There is no evidence of an assignment made by Schiraldi to and accepted by said defendant. The assignment executed by Schiraldi does not contain the name of any assignee and the evidence does not show delivery of it by him to anyone. Because he was the agent of the Rubel Ice Company in purchasing the property, it is a natural inference that his assignment was intended to be made to and was delivered to his principal. The evidence shows that the Rubel Ice Company "transferred" this assignment to Senger Company, but the agreement entered into between the Rubel Ice Company and the Senger Company does not contain an assignment of the contract and in what manner and why it was transferred does not appear.
Even had the contract been assigned by Schiraldi or Rubel Ice Company to Senger Company, the complainants are not entitled to enforce it against the Senger Company. Schiraldi, as vendee under the contract, acquired an interest in the lands agreed to be conveyed and it was such an interest as he might assign. Section 5 of our statute of frauds (Comp. Stat. p. 2612) provides that no action shall be brought upon any contract for sale of lands, or any interest in or concerning them, unless the agreement upon which such action is brought shall be in writing and signed by the party to be charged therewith. This action is sought to be maintained upon the original contract and upon Schiraldi's assignment thereof, neither of which is signed by the Senger Company, and therefore an action thereon will not lie against that defendant.
Nor can the vendor in a contract for the sale of land compel the assignee of the vendee to perform the contract. Persons who are not privies to such a contract are generally not proper parties to a bill for specific performance. Bacot v. Wetmore,17 N.J. Eq. 250; Mechanick v. Duschaneck, 99 N.J. Eq. 86. This contract does not purport to bind Schiraldi's assignee and the complainants, on the facts here *Page 193 
present, could not recover damages against Senger Company for failure to perform it. It contains covenants and promises which are personal to Schiraldi, from which he cannot be relieved (as to the complainants) by his assignment of it, and the acceptance of an assignment cannot be construed as a promise by his assignee to assume all Schiraldi's contract obligations so as to make the assignee liable to the complainants to perform Schiraldi's promises, without provision to such effect. Indeed, if this contract purported to bind not only Schiraldi, but his assignee as well, it would be inoperative to make the assignee liable under a simple form of assignment, on Schiraldi's personal covenants with the complainants. Therefore if the contract here sought to be enforced was assigned to the Senger Company, nothing has been shown which puts that defendant in privity of contract with the complainants as to Schiraldi's promises to them.
An assignee of a vendee may have specific performance of a contract such as this in a suit against the vendor. Such relief is granted, although there is no privity of contract between the vendor and the assignee prior to the suit, because the assignee by bringing suit agrees to be bound by the contract and submits himself to such decree as the court may pronounce, thus voluntarily placing himself in privity of contract with the vendor (McVoy v. Baumann, 93 N.J. Eq. 360; affirmed, Ibid.638), so that if there is no privity of contract between the vendor and the assignee unless and until the assignee brings suit, the vendor cannot enforce the contract against the assignee.
Finally, the complainants contend that by the terms of the agreement entered into between the Rubel Ice Company and the Senger Company, the latter assumed the performance of the contract in question and therefore can now be compelled to perform it. Under this head the complainants urged that the Senger Company is in the position of a grantee who purchases property and, by the terms of the deed to him, agrees to assume and pay a mortgage on the property and by such assumption becomes bound to the mortgagee. Such *Page 194 
an assumption, as between the grantor and the grantee, is held in equity to make the grantee the principal debtor and the liability of the grantor that of surety, and since a creditor may have the benefit of all collateral obligations for the payment of his debt, which a person standing in the situation of a surety holds for his indemnity, a decree for deficiency arising in foreclosure suits may be made against a subsequent grantee who has assumed the payment of the mortgage debt. Such remedy, however, is not available to a mortgagee when the grantor is not personally liable for the payment of the mortgage debt. Crowell v.Hospital of St. Barnabas, 27 N.J. Eq. 650. The complainants in this suit could not have a decree for performance against the Rubel Ice Company as Schiraldi's undisclosed principal, because it was not a party to and had not signed the contract, the fifth section of our statute of frauds, referred to above, barring action on the contract against the Rubel Ice Company (Randolph
v. General Investors Co., 97 N.J. Eq. 493), and since the complainants cannot have relief against the Rubel Company, they can have none against the Senger Company, had the latter agreed to assume the Rubel Ice Company's supposed obligation to perform the contract. But I cannot construe the clause which I have quoted above from the agreement between the Rubel Ice Company and the Senger Company, as an assumption by the latter corporation of the terms of the contract here under consideration I regard it as nothing more than a promise by the Senger Company to hold the Rubel Ice Company harmless from any liability which it might have incurred under the contract and to pay certain money to or for the Rubel Ice Company. Further, had the Senger Company, by said agreement, assumed the performance of the contract, such assumption was for the benefit of and was personal to the Rubel Ice Company and the complainants can have no advantage from it.Knapp v. Heidritter Lumber Co., 99 N.J. Eq. 381.
The bill of complaint will be dismissed as to the defendant Senger Company. Whether this court has jurisdiction to render a decree against the defendant Schiraldi for the relief *Page 195 
prayed for by the complainants, has not been referred to by complainants' counsel. Schiraldi was not found in this state for service of process and he was served personally without the state with an order to answer, pursuant to the statute and rules of this court relating to absent defendants, but he failed to appear and answer the complainants' bill. The relief sought by the complainants against the defendant Schiraldi will be withheld until I hear further from their counsel.