ROSE GLUCKMAN, complainant-respondent,

*v.*

HORACE ROBERSON and CHARLES E. ANNETT, executors and trustees, &c., defendants-respondents, and BETSY GOLLIN, defendant-appellant.

[Argued May 15th, 1934.   Decided September 27th, 1934.]

Mr. *Louis Rubenstein* (*Messrs. Minton & Weinberger*, of counsel), for the defendant-appellant Betsy Gollin.

Mr. *Maurice C. Brigadier*, for the complainant-respondent.

*Messrs. McDermott, Enright & Carpenter* (*Mr. John M. Enright*, of counsel), for the defendants-respondents.

The opinion of the court was delivered by

TRENCHARD, J.

Isaac Gluckman died March 19th, 1915, leaving the will in controversy. Its probate was contested. The orphans' court denied probate and its decision was affirmed by the prerogative court in *In re Gluckman's Will*, *87 N. J. Eq. 280*. This decision was reversed in this court in *In re Gluckman's Will*, *Ibid. 638*. The issue involved in those courts was "one of probate under the statute, pure and simple, and not one either of construction or of reformation."

As we shall hereinafter point out the present appeal involves the construction of the will.

The will, after provision for the payment of debts, gives all of the rest of the estate to the executors "in trust to take possession of the same and to collect all rents and other assets, and if they deem it advisable to sell, convey and mortgage any or all my real estate in such manner and on such terms as

they may deem best, and out of the income of my estate to pay to my wife a weekly allowance of forty dollars and such other sum and sums as may be necessary during the term of her natural life," and then provided that the residue shall be given "to any home for aged people that my said wife may designate in a last will and testament or any paper-writing in the nature thereof, and if she shall fail to do so, then to such institution as my said executors.deem advisable." There is no other gift.

On March 6th, 1918, the widow filed her bill for a construction of the will, and praying that the further administration of the estate be had in the court of chancery. All parties in interest were made defendants. The matter came on for hearing on bill, answer and proofs, on reference to Vice-Chancellor Lewis, and a decretal order was made thereon June 10th, 1919, directing the payment of all the net income "hereafter accruing" to the widow, and expressly *reserving all other equities,* and assuming jurisdiction of the further administration of the estate. The trustees thereafter annually settled their intermediate accounts in that court.

On February 2d, 1932, the executors and trustees filed a petition setting forth that the income from the estate, which consists entirely of real estate, is no longer sufficient to pay the carrying charges against the property and the allowance of $40 a week stipulated by the will to be paid to the widow, and, under the provision of the decretal order reserving all other equities, praying instructions whether the will should not be further construed as authorizing them to pay to the widow out of the *corpus* "such other sum and sums as may be necessary during the term of her natural life" to provide her with the necessaries of life, since the net income of the estate is insufficient for that purpose.

Thereupon, Vice-Chancellor Lewis, who still holds the order of reference under the original bill, made an order to show cause, directed to all parties in interest

Defendant Betsy Gollin, who is the sister of the testator, filed an answer to this petition on the return day, and the matter was heard thereon and an order made adopting the

trustees' view as to construction, and authorizing them from time to time to pay to the widow, during the term of her natural life, out of the *corpus* of the estate, such sum or sums as may be necessary for her proper support and maintenance, such order expressly providing that it "shall be deemed supplemental to the decretal order of June 10th, 1919, and that all other equities reserved by said decretal order are further reserved." Betsy Gollin alone appeals.

The first point is that the court of chancery had no jurisdiction to make the decretal order under review.

We think that it had. Appellant's contention is that proper proceeding was by bill of review and not by petition and order to show cause. But that contention misconceives the true situation.

The court of chancery had before it the original bill for the construction of the will and for the further administration of the estate in the court of chancery. The court had made no final decree disposing of the whole case, but merely made an order for the payment to the widow of all the net proceeds from the estate "hereafter accruing" reserving all other equities, and taking over the administration of the estate. This in effect was no more than an order *pendente lite*. The cause was still before the court and the trustees proceeded by petition to bring the dormant cause to the attention of the court in order that it might decide the matter pending before it, particularly with reference to the changed condition of the estate. The order appealed from does not reverse, alter or modify the prior order, but merely supplements the same, as was therein expressly stated. The prior order directed the trustees to pay to the widow all of the net income "hereafter accruing." It did not adjudge that the widow might not be entitled to payment out of the *corpus,* and reserved all other equities. The order under appeal determines the reserved equity, by construing the will as authorizing the trustees, from time to time, to pay to the widow out of the *corpus* of the estate, during her natural life, such sum or sums as may be necessary for her proper support and maintenance, to the extent that the income is insufficient for that purpose.

In such circumstances the contention that proper proceeding was by bill of review and not by petition and order to show cause, is not well founded.

The next point made by the appellant is that the decretal order was not supported by any legal evidence upon which it could be based.

We think there is no merit in this point.

The material allegations of the petition consist of the historical summary of the proceedings in the case and the facts concerning the present condition of the estate, the character of and income from the property of the estate, all as shown by the trustees' accounts filed in the cause; in other words, the petition merely brought to the attention of the court that which was already known to it from its own records and proceedings. The only material allegation not covered by this observation is that the trustees are informed by the widow, and believe the fact to be, that she has no resources aside from her interest in the estate and is dependent upon the estate for the necessities of life.

The answer to the petition filed by the appellant does not deny any of the allegations of fact and in such case is to be taken as admitting the same. *Maxwell* v. *Staulcup, 103 N. J. Law 509, 512; Brantingham* v. *Brantingham, 12 N. J. Eq. 160.*

Moreover, the order under review distinctly sets forth that it is based upon the bill filed by Rose Gluckman, the answers, counter-claims, replications, proofs, and the decretal order dated June 10th, 1919. The appellant loses sight of the fact that the petition merely sought a determination of the question reserved under the decretal order of June 10th, 1919. In such situation no further evidence was necessary, since all of the evidence had been taken and was before the court, and the present application merely sought a further determination of the matter reserved in the prior decretal order.

The construction sought and given under the order now under review involves solely a question of law—that is, the construction to be placed upon the language of the will. Indeed, the appellant rests her contention solely upon the

fact that the petition of the trustees upon which the order to show cause was issued, was unverified. But that circumstance does not justify a disturbance of the order made, since the only material fact not the subject-matter of proof is taken to be admitted by the answer of the appellant.

Lastly, it is contended that the court erred in construing the will as requiring, without limitation as to source, the payment of "such other sum or sums as may be necessary" to the widow for her support out of any funds of the estate, including the *corpus,* if the income is insufficient for that purpose.

We believe that the vice-chancellor properly construed the will. We agree with him that the primary purpose of the testator was to provide adequate support for his widow during her lifetime. It is apparent that the testator did not contemplate or intend to create a condition under which his widow should become an object of charity in order that his estate should remain unimpaired to dispense charity to strangers. It is beyond belief that he intended that his widow should ever want for the necessities of life so long as anything remained of his estate. On the contrary, a reading of the will itself discloses that it was the manifest intention of the testator that his widow should in all events be provided for, and in order to insure this he inserted the clause for the payment to her of "such other sum and sums as may be necessary during the term of her natural life." To reach any other conclusion would require a forced construction that the testator intended to take care of his widow only so long as there was an income available for such purpose. Manifestly that was not his intention. His intention was, as indicated by the will, to provide for his widow first, and after that the residue is to go to a home for aged people as set forth in the will. It is to be noted that the will does not in terms vest in the trustees any general power for investment or reinvestment. The provision is "in trust to take possession of the same and to collect all rents and other assets, and if they deem it advisable to sell, convey or mortgage any or all of my real estate * * *." No doubt the reason for such pro-

vision was the probable necessity of the widow if the income failed.

Such in effect were the views of Vice-Chancellor Lewis, and we think his conclusion was sound and is supported by the rule that if the language of a will presents a solid foundation upon which the court can reasonably rely, it will be construed in favor of a just and reasonable disposition (*Brearly* v. *Brearly, 9 N. J. Eq. 21; Bacot* v. *Welmore, 17 N. J. Eq. 250*), and the predominant idea of the testator's mind, if apparent, will be heeded as against all doubtful and conflicting provisions which might of themselves defeat it. *Peer* v. *Jenkins, 102 N. J. Eq. 235; Johnson* v. *Haldane, 95 N. J. Eq. 404.*

The decretal order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.