This is a suit for specific performance. Complainants entered into a contract with a corporation, Reliable Home Construction Company, whereby the corporation agreed to purchase twelve lots from complainants with the provision that interest on the unpaid balance and taxes were to be paid by the vendee. The contract also provided that the vendee could take conveyance of separate parcels of two or more lots. The contract, by its terms, was binding upon the assignees of the vendee. Two transactions were closed for separate blocks of lots, and thereafter the corporation assigned the contract to defendants Ciarletta and Rocco, trading under the firm name of Reliable Homes. These two individuals had been the president and secretary, respectively, of the corporation at the time the contract with complainants was made, but at the time of the assignment had been replaced as officers by their respective wives. These four constituted all of the stockholders of the corporation. The two individual defendants took three additional lots under the provisions *Page 392 
of the contract. Three lots remain unconveyed, and it is to compel specific performance by the individual defendants of the contract to purchase these remaining lots that this suit is brought.
Ordinarily an assignee is not bound to carry out affirmatively the covenants of his assignor. Maloyfski v. Schiraldi,108 N.J. Eq. 190. However, transactions of the assignee in relation to the subject-matter of the contract may be such as to constitute such an assumption of the burdens of the contract as to require him to perform the acts, the performance of which by the assignor was provided in the contract.
In the case of Cramer v. Mooney, 59 N.J. Eq. 164, where the facts were very similar to those now before this court, it was held that acts of part performance by the assignee may be sufficient to establish a mutual contract between the vendor and the assignee. The court said (at p. 169):
"These dealings of the defendant with the complainant touching the premises in question have also taken this case out of the class where a contract of sale is sought to be enforced by the vendor against a mere assignee having no contract with the vendor and not in privity with him."
While it is true that in the instant suit the original vendee was a corporation and its contract would not, as such, be binding upon the individual officers and stockholders, in my opinion consideration should be given to the fact that the corporation was a closed one, and that the assignees were officers and stockholders, and apparently the corporation was completely under their control. This in itself would not be controlling, but the essential element is the fact that the assignees proceeded to carry out the contract to the extent of taking under its terms a block of lots. In my opinion, this constitutes such an assumption of the burden of the contract as to place them in the same position as the original vendee.
 A decree will be advised for the relief prayed for. *Page 393