29 N.J. Super. 226 (1953)
102 A.2d 108
CHEMICAL BANK & TRUST COMPANY OF NEW YORK, AND SALWYN SHUFRO, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF GUILLIAM BOGERT DEMAREST, DECEASED, AND SAID SALWYN SHUFRO, TRUSTEE UNDER A TRUST INDENTURE DATED JULY 1, 1947, PLAINTIFFS,
v.
ADELAIDE M. GODFREY, INDIVIDUALLY AND AS SUBSTITUTED TRUSTEE UNDER A TRUST INDENTURE DATED JULY 1, 1947, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 30, 1953.
*227 Mr. Winthrop Watson, attorney for plaintiffs.
Mr. Lester J. Kramer, attorney for defendant Adelaide M. Godfrey.
Mr. Hugh C. Spernow, attorney for defendants Ruth H. Holman, et al., individually and as class representatives of descendants of first cousins.
Messrs. Evans, Hand & Evans, attorneys for defendants Ida L. Padgett, et al., individually and as class representatives of cousins of more remote degree.
*228 Messrs. Seufert & Elmore, attorneys for defendants Daniel Gilliam Bogert, et al., individual descendants of first cousins.
Messrs. Whiting, Moore & Phillips, attorneys for defendants Board of National Missions of the Presbyterian Church in the United States of America, et al.
Mr. William Dickson Cunningham, attorney for defendants The Salvation Army and Home for Old Men and Aged Couples.
Messrs. McCarter, English & Studer, attorneys for defendants Memorial Center for Cancer and Allied Diseases, et al.
Messrs. Collester & Johnson, attorneys for defendant The Association for the Relief of Respectable, Aged and Indigent Females of the City of New York.
Mr. Henry B. Twombly, attorney for defendant Berkshire Industrial Farm.
Mr. Mendon Morrill, attorney for defendants Margaret Demarest Holland, et al., individually and as class representatives of descendants of first cousins, not of testator's blood, but whose relationship depends upon adoption.
GRIMSHAW, J.S.C.
Guilliam Bogert Demarest, a lifelong resident of Bergen County, died on March 17, 1952 leaving an estate of the approximate value of $2,800,000. The plaintiffs, as executors, being in doubt as to their duty, especially with reference to paragraph 5 of the will, seek the court's instructions.
The provision concerning which doubt has arisen is as follows:
"FIFTH: I give and bequeath the sum of ONE THOUSAND DOLLARS ($1,000.00) each to my cousins living at my death, of whatever degree of consanguinity, excepting those who are mentioned *229 as primary legatees in Paragraph Seven (7) of this my Last Will and Testament."
Another question concerning the payment of taxes having been settled, it is not considered.
On its face the fifth paragraph of the will would be void for lack of certainty. An authority on anthropology estimated that within the space of six generations Mr. Demarest's cousins would number 19,000,000. And, if the Biblical story of creation is to be taken literally, all persons in the world are related. Obviously, the testator, a successful and intelligent businessman, intended no such result. So it becomes the court's problem to seek the testator's intention within the framework of the will, if that can be accomplished without doing violence to the language used in that document.
It is elementary that the court, in construing a will, must seek to determine the intention of the testator. But that intention must be collected from the words of the will. The question is not what the testator meant to express, but what the words of the will do express, read in relation to the surrounding circumstances and the canons in aid of interpretation. In re Armour, 11 N.J. 257 (1953).
The simplest solution to the problem would be to give to the language used by the testator in the fifth paragraph of the will its literal meaning and declare the bequest void for lack of certainty. But the duty of the court goes beyond such a course of action. The court is bound "to treat this kind of instrument with the utmost tenderness and liberality; and it is only when a reasonable construction and the discovery of the intent of the testator are utterly hopeless, that all effect should be denied to a will." Den ex dem. Micheau v. Crawford, 8 N.J.L. 90 (Sup. Ct. 1825); McMurtrie v. McMurtrie, 15 N.J.L. 276 (Sup. Ct. 1836); Elle v. Young, 24 N.J.L. 775 (E. & A. 1854).
In this State the use of the word "cousin" in a will is construed to mean a first cousin, the child of an uncle or aunt. Walker v. Chambers, 85 N.J. Eq. 376 (Ch. 1915). Had the testator simply used the word "cousins" there would *230 have been no difficulty. But he went further and added the words "of whatever degree of consanguinity." And the question is in what respect the use of that phrase alters the situation.
Consanguinity is the relation of persons descended from the same stock or common ancestors. It may be lineal or collateral. Lineal consanguinity is that which subsists between persons of whom one is descended in a direct line from the other. Collateral relations descend from the same stock or ancestors but do not descend one from the other. Therefore, the court must determine from the will, if it can, the sense in which the word "consanguinity" was used by the testator.
The testator was a bachelor, whose nearest of kin were first cousins. For some years he had been compiling charts of his first cousins and their descendants. These charts, together with various other memoranda, were present when he was considering the execution of his will. The charts and memoranda were concerned exclusively with first cousins and their descendants. This evidence was admissible to place the construing court in the situation of the testator at the time of the execution of the will. In re Fox' Estate, 4 N.J. 587 (1950). Furthermore, in several of the other paragraphs of the will the term "cousin" was used to designate first cousins, first cousins once removed, and, in one instance, a first cousin twice removed.
As a result, I am of the opinion that by the use of the words "cousins of whatever degree of consanguinity" the testator meant first cousins and their descendants. Any other construction would be unreasonable and in defiance of the testator's intention.
"If the language of a will presents a solid foundation upon which the court can reasonably rely, it will be construed in favor of a just and reasonable disposition (Brearley v. Brearley, 9 N.J. Eq. 21; Bacot v. Wetmore, 17 N.J. Eq. 250), and the predominant idea of the testator's mind, if apparent, will be heeded as against all doubtful and conflicting provisions which might of themselves *231 defeat it. (Peer v. Jenkins, 102 N.J. Eq. 235; Johnson v. Haldane, 95 N.J. Eq. 404.")
Gluckman v. Roberson, 116 N.J. Eq. 531 (E. & A. 1934).
The executors are instructed to pay $1,000 to each first cousin and descendant of a first cousin of the testator living at his death, excepting, of course, those mentioned in paragraph Seventh of the will. An infant en ventre sa mere at the time of the testator's death is included. In re Haines' Will, 98 N.J. Eq. 628 (Prerog. Ct. 1925). The descendants of a first cousin by adoption, not being of the blood of the testator, are excluded. R.S. 9:3-9; In re Fisler, 131 N.J. Eq. 310 (Prerog. Ct. 1942), affirmed 133 N.J. Eq. 421 (E. & A. 1942).