94 N.J. Super. 43 (1967)
226 A.2d 743
ESTATE OF JOSEPH WOLYNIEC, DECEASED, BY SALLY O'HARA, ADMINISTRATRIX, SALLY O'HARA, INDIVIDUALLY, AND VICTORIA WOLYNIEC, ALSO KNOWN AS ANN BENSON, PLAINTIFFS,
v.
MARTINES MOE, JR., BY HIS GUARDIAN AD LITEM, GEORGE WARREN, AND BARBARA ANN MOE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 6, 1967.
*44 Mr. Frederick W. Richards for plaintiffs (Mr. Joseph F. Deegan, Jr., attorney).
Mr. George Warren, guardian ad litem for defendant Martines Moe, Jr.
FURMAN, J.S.C.
On motion and cross-motion for summary judgment the issue submitted is whether an unborn grandchild, whose mother murdered his grandfather, is entitled to his mother's share of his grandfather's estate.
Defendant Barbara Ann Moe pleaded non vult to an indictment for murder of her father, Joseph Wolyniec, on December 27, 1965. She was sentenced to a 20 to 30-year term in the New Jersey State Prison at Clinton. She gave birth to defendant Martines Moe, Jr. on March 13, 1966, between two to three months after the murder. Joseph Wolyniec's other survivors are the two plaintiffs, his mother Victoria Wolyniec, also known as Ann Benson, and his sister Sally O'Hara. Joseph Wolyniec died intestate. Sally O'Hara is the administratrix of his estate comprising personal property.
The principle of law is clear that a murderer may not retain property which he takes title to because of his victim's death. Neiman v. Hurff, 11 N.J. 55 (1952) (tenancy by entirety and joint tenancy in securities); In re Estate of Kalfus, 81 N.J. Super. 435 (Ch. Div. 1963) (intestacy); Turner v. Prudential Insur. Co. of America, 60 N.J. Super. 175 (Ch. Div. 1960) (life insurance proceeds); Whitney v. Lott, 134 N.J. Eq. 586 (Ch. 1944) (mutual wills); Sherman v. Weber, 113 N.J. Eq. 451 (Ch. 1933) (tenancy by entirety); see State v. Sherry, 46 N.J. 172, 176 *45 (1965), and Sorbello v. Mangino, 108 N.J. Eq. 292, 296, 297 (Ch. 1931). The murderer who is next of kin to an intestate victim is a constructive trustee for the other heirs or next of kin. In re Estate of Kalfus, supra; see Neiman v. Hurff, supra, at p. 60.
The court holds that Barbara Ann Moe is the constructive trustee of her father's intestate estate for the next of kin excluding herself. Plaintiffs and defendant Martines Moe, Jr. each seek to qualify as beneficiary or beneficiaries.
Plaintiffs' initial argument against a succession by Martines Moe, Jr. is that he was en ventre sa mere at his grandfather's death. N.J.S. 3A:4-10, which is derived from the act of January 24, 1799, Paterson's Laws 339, provides for an equal right of inheritance by a posthumous child; but the contingency of the posthumous grandchild, i.e., the child of a predeceased son of the intestate, is not dealt with by statute or in any reported decision in this State.
An infant en ventre sa mere is entitled to share in a legacy to members of a class of relatives "surviving" the testator or "living" at his death. Chemical Bank & Trust Company of New York v. Godfrey, 29 N.J. Super. 226 (Ch. Div. 1953) (cousins); Randolph v. Randolph, 40 N.J. Eq. 73 (Ch. 1885) (grandchildren).
The doctrine favoring infants en ventre so mere is stated in In re Haines' Will, 98 N.J. Eq. 628 (Prerog. 1925):
"* * * By a fiction of the law adopted from the civil law a child en ventre sa mere is supposed in law to be born for many purposes, but only with a single exception [the rule against perpetuities], when it works for the benefit of the child. Thus, it is capable of having a legacy, or a surrender of a copyhold estate made to it. It may have a guardian assigned to it, and it is enabled to have an estate limited to its use, and to take afterwards by such limitation, as if it were then actually born. * * *" (at p. 630)
See Smith v. Brennan, 31 N.J. 353, 362 (1960) (recognizing right of infant to maintain tort action for injury sustained while en ventre sa mere); 5 N.J. Practice (Clapp, Wills and Administration) (3d ed. 1962), § 396, p. 580.
*46 Based upon these general authorities, the court holds that a posthumous grandchild qualifies to take under the statute providing for descent and distribution of intestate property, N.J.S. 3A:4-1 et seq.
The second argument urged by plaintiffs is that N.J.S. 3A:4-4 by its express terms excludes succession by a grandchild, unless predeceased by his parent who is the child of the intestate. Thus, because Barbara Ann Moe is still living her child is barred.
The argument is self-defeating. As a condition for inheritance by the intestate's mother or sister there must be "no child, nor any legal representative of any child." N.J.S. 3A:4-4 is applied, therefore, according to its priority, grandchild over mother or sister, after recognition that Barbara Ann Moe, who is next of kin, holds as constructive trustee. The recipient of his grandfather's intestate estate should be the infant defendant, Martines Moe, Jr.
This result in favor of the murderer's child conforms to Restatement, Restitution, § 187 (1937), and to Bates v. Wilson, 313 Ky. 572, 232 S.W.2d 837 (Ct. App. 1950).
The Restatement comment is h at p. 768:
"Where the murderer is the sole heir or next of kin, he is constructive trustee for the persons who would have been heirs or next of kin if he had predeceased his victim. The fact that the persons who would have been heirs or next of kin are the children of the murderer will not preclude them from enforcing a constructive trust, if they would have inherited the property from the decedent if the murderer had predeceased him. * * *"
The contrary result would be unconscionable, penalizing an unborn child for the crime of his mother. Nor need the court concern itself with the anamoly that a mother cannot predecease her child except by a few minutes. The succession by Martines Moe, Jr. may be viewed as a succession by the next of kin exclusive of the murderer or, alternatively, as a succession by the person who would have been next of kin if the murder victim had lived his life span, indulging the presumption that the murderer would have predeceased him. *47 Cf., Neiman v. Hurff, supra, at p. 62; Turner v. Prudential Insur. Co. of America, supra, at p. 181.
Counsel will submit a judgment.